NOT DESIGNATED FOR PUBLICATION

No. 127,686

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ERIC LAMONT TROTTER,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Submitted without oral argument. Opinion filed July 17, 2026. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL P.J., ARNOLD-BURGER, J, and ANDREA PURVIS, District Judge, assigned

HILL, P.J.: Prisoner Eric LaMont Trotter appeals the denial of his motion for habeas corpus relief. Trotter's motion centers on the court's denial of his motion to withdraw his no-contest pleas. When the court denied his withdrawal motion, it commented that one of the benefits of the plea bargain Trotter had made with the State was that by entering a plea to an amended charge, Trotter had avoided a possible life sentence. The court's statement was incorrect; it was based on misinformation coming from both parties. Trotter argues to us that this mistaken belief served as the court's reason to deny him habeas corpus relief. He contends that by using an error of fact, the court abused its discretion. Accordingly, he asks us to reverse the court's order.

1

Our review of the record reveals the court found several reasons to deny Trotter any relief and this mistake of fact was also invited by Trotter. A party cannot offer to a court a factual error in support of their position and then turn around on appeal and fault that court for using its error. We find no abuse of discretion and affirm the dismissal of Trotter's motion.

*Many serious charges are reduced to three.*

Trotter, an offender with a criminal history score of "A," was facing several serious sex crime charges, as well as other felonies, in three separate cases. Trotter made a global plea agreement with the State. When his trials were about to start, he made a deal that reduced the charges to three felony crimes—one charge in each case.

- In 18CR2954, Trotter pled guilty to criminal possession of a weapon by a convicted felon, a nonperson felony. All remaining counts were dismissed.

- In 19CR253, Trotter pled guilty to an amended charge of kidnapping, a severity level 3 person felony. All remaining charges were dismissed.

- In 19CR1420, Trotter pled guilty to aggravated intimidation of a witness or victim, a person felony. Again, all remaining charges were dismissed. Trotter was no longer charged with any sex crimes.

The State agreed to recommend the high number in the grid box for all felony counts, that the court should apply the presumption of prison, and that the sentences should run concurrently with each other for an anticipated 247-month prison sentence. Trotter remained free to argue for a durational or dispositional departure. Both parties believed his criminal history score was "A."

There was no mention of any off-grid crime in their agreement. Trotter was informed of his rights. He confirmed that he had enough time to discuss the plea with his attorney. He was "[a]bsolutely" satisfied with his attorney. The court informed Trotter that the sentencing range for the kidnapping charge was a minimum of 55 months and a maximum of 247 months in prison. He said he understood the possible sentences. Trotter stated he had not been promised anything other than what was set forth in the plea agreement.

The district court sentenced Trotter to concurrent sentences: 21 months in 18CR2954; 233 months in prison in 19CR253; and 43 months in 19CR1420. The total prison term was 233 months for Trotter.

Trotter appealed. His sentences were summarily affirmed, and the mandate from our court was issued on September 15, 2021.

*A drafting error in the original complaint, later corrected on the record before Trotter entered his plea, caused the later discussion of a possible life sentence.*

Our research of the record reveals a possible source of the misinformation given the habeas corpus court. Count Two of the original complaint in 19CR253 charged Trotter with, "touching of a child under fourteen (14) years of age, to wit: [S.P.], fifteen (15) years of age . . . ." The age of the victim at the time of the crime is important. If she was 14, then that would violate Jessica's Law and the court could impose a life sentence. But S.P. was, in fact, 15 years old at the time of the alleged touching. At the preliminary hearing for that case, the State amended the complaint to charge Trotter with a severity level 3 person felony crime and *not an off-grid felony crime*. The State later filed an Information charging Trotter with the correct charge, a severity level 3 person felony. At

the later 60-1507 hearing, both sides erroneously argued that there was a possible life sentence on the table.

*Trotter makes a collateral attack on his convictions and sentences.*

Less than two months after the mandate was issued, without the benefit of counsel, Trotter filed this K.S.A. 60-1507 motion concerning his conviction in 19CR253. Two days later, he moved to withdraw his plea in the criminal case. The motion to withdraw plea was soon summarily denied.

In his K.S.A. 60-1507 motion, Trotter pressed three issues:

- he was threatened with more charges if he did not plead guilty or no-contest;

- there was new evidence that the allegations were false; and

- the kidnapping conviction was a legal fiction.

The district court denied Trotter's claims of new evidence and that the kidnapping conviction was a legal fiction. In doing so, the court found that Trotter received the benefit of the bargain, avoiding possible conviction for several felonies including an "off-grid" charge. The district court ordered a non-evidentiary hearing on the claim that Trotter entered his pleas under duress.

At the non-evidentiary hearing on the duress claim, Trotter, his plea counsel, and the prosecutor all testified. Each witness testified that Trotter was potentially facing a life sentence because he was originally charged with an off-grid crime. Trotter's K.S.A. 60-1507 motion counsel and the State's counsel argued the same.

4

In support of his duress claims, Trotter testified that his plea counsel said that if he did not take the plea, the prosecutor was going to charge him with additional charges and charge his fiancée with witness intimidation or obstruction of justice. He feared they would lose their child, because if she went to prison too, there would be no one to care for the child. He testified he was under the belief that the worst-case scenario was 60 months' imprisonment and the best was probation. But he also testified that he knew his criminal history score was "A" and that his attorney had shown him the sentencing grid, which listed the mid-range sentence for a severity level 3 offense with his criminal history score at 233 months.

Trotter also testified that he had only 10 minutes to make up his mind. He took the plea because he was in "fear of me receiving an off grid life sentence," to prevent his fiancée from getting charged, and in the hopes of getting leniency. But Trotter's claim of wanting to protect his fiancée was contradicted by the fact that he had written a letter to the State Board of Nursing trying to get her nursing license revoked. Trotter did admit he had possessed a gun as a convicted felon and had violated the protective order.

Trotter's plea attorney testified that plea negotiations had been ongoing the week or two before trial. The evening before trial, the prosecutor said he had new information that might support additional charges against Trotter and new charges against his fiancée. Trotter's plea counsel testified that Trotter specifically wanted to avoid being convicted of a sex offense (which would make him a target in prison), and that is why the charge was amended to kidnapping in the plea agreement. On the evening of the first day of trial, the prosecutor put a deadline on the plea. The plea must be agreed to the next morning, or the prosecutor was going to request new charges against Trotter. Counsel testified that it was "fairly routine" for the State to offer a plea in lieu of filing new charges when the accused commits new crimes. It was "very common" that plea negotiations result in new charges not being filed. She denied that Trotter had only 10 minutes to decide.

The prosecutor testified that plea negotiations had been ongoing for months and that he made a written plea offer the evening before trial. A detective had provided the details of four or five jail calls between Trotter and his fiancée, using another inmate's personal PIN number. The prosecutor testified that if the trial had continued, he likely would have added another violation of a protective order charge against Trotter. In response to Trotter's claim that he took the plea to protect his fiancée, the prosecutor testified that Trotter had communicated to law enforcement that he wanted to have his fiancée charged with crimes.

*The court saw no need for relief.*

The district court denied Trotter's motion. The court stated that a plea is a "bargain[ed] for exchange." The court found the lawyers' testimonies credible. The court found Trotter's testimony that he was trying to protect his fiancée was not credible because he sent a letter to the state nursing board accusing his fiancée of forging time sheets, stealing medication, and drinking and doing drugs on the job. He attempted to get her nursing license revoked, ruining her livelihood.

The court also found that the plea offer was not sudden or unexpected as Trotter had testified. The court found Trotter knew his criminal history score and possible sentences. The court found Trotter received a significant benefit by accepting the plea including the absence of a sex offense conviction, new charges not being filed, and "the off-grid charge that carried a life sentence was dismissed." The court found the idea that the plea was entered under duress not credible. Trotter got what he bargained for. The court found the plea was knowing and voluntarily made.

*We review the law that guides us.*

Appellate courts review a district court's decision to deny a postsentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Shields*, 315 Kan. 131, 139, 504 P.3d 1061 (2022). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024). A decision is based on an error of fact if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or exercise of discretion is based. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

It is not an abuse of discretion when a district court makes an error of fact but does not rely on that error of fact in making its decision. See *State v. Ward*, No. 125,421, 2023 WL 7404186, at *8 (Kan. App. 2023) (unpublished opinion); *State v. Gonzales*, No. 119,939, 2019 WL 11868607, at *11 (Kan. App. 2019) (unpublished opinion). When the appellate court cannot discern whether a district court's error of fact was determinative of the district court's decision, the appellate court may remand the matter to the district court. See *State v. West*, No. 119,634, 2019 WL 3756201, at *3 (Kan. App. 2019) (unpublished opinion).

Finally, when a district court relies in substantial part on errors of fact in reaching its conclusion, the district court abuses its discretion. See *State v. Schaal*, 305 Kan. 445, 452, 383 P.3d 1284 (2016). It is this rule that is the heart of Trotter's appeal.

*We follow the law controlling the withdrawal of a plea.*

The statute that controls our work here is clear. "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 22-3210(d)(2). Trotter must show us manifest injustice that needs to be corrected to withdraw his plea. In determining whether a defendant has demonstrated manifest injustice to withdraw their plea, a district court generally looks to the following three factors from *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006): (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. These factors should not be applied mechanically to the exclusion of other factors that might exist in a particular case. *State v. Bilbrey*, 317 Kan. 57, 62-63, 523 P.3d 1078 (2023); *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021).

Much of what Trotter complains about seems to be personal regrets about his choices. Personal considerations are not coercion required to invalidate an otherwise voluntary plea. *Wippel v. State*, 203 Kan. 207, 209, 453 P.2d 43 (1969); *State v. Taylor*, No. 112,442, 2015 WL 6835220, *4 (Kan. App. 2015) (unpublished opinion). In *Wippel*, the petitioner argued that due to conversations with his attorney, he was pressured into pleading guilty. He believed that if he did not plead guilty, both he and his neighbor would be prosecuted for another crime. He also believed that by pleading guilty, his children would not be put in foster homes. The court held that personal considerations of this nature do not amount to sufficient coercion to undermine the plea. 203 Kan. at 209.

Most important here is Trotter's promoting the factual error to the court. A litigant may not invite an error and then complain of the error on appeal. *State v. Slusser*, 317 Kan. 174, 179, 527 P.3d 565 (2023). The invited error doctrine may apply when the district court makes a finding of fact encouraged by the attorney of the party claiming

error. See *State v. Hatfield*, No. 111,622, 2015 WL 5036736, at *4 (Kan. App. 2015) (unpublished opinion) (restitution amount not supported by the evidence was invited error). We have concerns here that Trotter did invite this erroneous belief by the district court.

*Is there an abuse of discretion here?*

At the 60-1507 non-evidentiary hearing, each witness, including Trotter himself, mistakenly testified that Trotter was potentially facing a life sentence because he was originally charged with an off-grid crime. Trotter's K.S.A. 60-1507 motion counsel and the State's counsel argued the same way.

The district court found Trotter not credible because he had accused his fiancée of crimes, had tried to get her nursing license revoked, and the plea offer was not sudden or unexpected as Trotter had testified. The court found Trotter got what he bargained for. The court found Trotter received a significant benefit by accepting the plea, including the absence of a sex offense conviction, new charges not being filed, and "the off-grid charge that carried a life sentence was dismissed."

While Trotter was not facing an off-grid charge, he received great value for his pleas. Because of the pleas, 19 charges, including seven person felonies, were dismissed. And additional charges were not filed.

The district court made an error of fact by finding that one of the benefits Trotter received through the plea agreement was that an off-grid charge was dismissed. The district court's decision was based, in part, on that error of fact. The district court only mentioned the off-grid charge once in its decision. But a plea agreement that dismisses an off-grid charge which carries a life sentence is a substantial benefit. Part of the court's

9

reasoning concerning why Trotter was not under duress was that Trotter had received such a significant benefit by pleading guilty.

But Trotter invited this error. Trotter specifically testified that he took the plea to avoid an off-grid life sentence. And his attorney argued the same. Thus, Trotter cannot complain about this error on appeal.

The district court's additional factual findings are sufficient to sustain its decision that Trotter's plea was voluntary. The district court did not find Trotter's duress claim credible because Trotter was not credible. Other evidence contradicted Trotter's testimony that he took the plea to protect his fiancée and his testimony that he had only 10 minutes to decide whether to accept the plea offer.

The district court also found that Trotter received a significant benefit from the plea because he was not convicted of a sex offense. Trotter was originally charged with four sex offenses. Trotter did not want to be convicted of a sex offense because he thought it would make him a target in prison. As a result of the plea, all the sex offenses were dismissed.

The district court found Trotter got what he bargained for. This was true. Because of the plea, 19 charges, including seven person felonies, were dismissed. And he was not charged with his continued violations of the protection order while he was in prison. Again, a significant benefit. What Trotter describes as duress is just bargained for exchange.

Furthermore, Trotter's claims of duress were just personal considerations. Personal considerations are not coercion required to invalidate an otherwise voluntary plea. *Wippel*, 203 Kan. at 209. In *Wippel*, the court held that the defendant's perceived threat that he and his neighbor would be prosecuted for an additional crime if he did not plead

10

guilty and his fear that his children would be placed in foster care if he did not accept the plea offer were just personal considerations. While they may have had some psychological influence on his decision to plead guilty, they did not constitute coercion to undermine an otherwise voluntary plea. 203 Kan. at 209.

As in *Wippel,* Trotter's concerns that he and his fiancée would be charged with an additional crime and that they would lose their child are not coercion that is sufficient to undermine his voluntary plea.

The district court's mistake of fact was invited. Trotter has not pointed to any error of law or shown the district court's decision was unreasonable. Thus, Trotter has not shown the district court abused its discretion.

The denial of Trotter's motion is affirmed.

Affirmed.